# CIRCUIT COURT OF THE CITY OF ROANOKE

Commonwealth of Virginia

v.

Avery Eugene Muse

January 28, 1997

Case No. CR96-1553

By Judge Robert P. Doherty, Jr.

Defendant asks for public funds for spectrographic voice identification testing to compare his voice with those contained on a recording of a drug transaction made by an undercover informant. The Commonwealth claims that Defendant is the seller of the illicit drugs and will be identified by the undercover informant. The Defendant claims that this is a case of mistaken identity and that expert analysis will prove that his voice is not on the tape recording made at the time of the offense.

The threshold question is whether or not opinion testimony would be allowed in this criminal case concerning spectrographic voice identification analysis by a qualified expert. I find that such evidence would not be admitted, given the unreliability of the science surrounding this type of testing.

The summary and conclusion reached by Mr. Bruce E. Koenig, M.S., an F.B.I. expert on the subject, in his October, 1993, article in *Crime Library Digest*, Vol. 20, No. 4, is persuasive. He determines that:

> Under investigative conditions, individuals can reliably identify voices that are well known to them, but the accuracy rate drops from approximately 78% to 83% when unfamiliar voices are compared to known voice samples.

I also note that subjective analysis of the data approximates that applied by polygraph examiners, the results of which tests are also not admissible in Virginia.

I believe that spectrographic voice identification analysis would tend to mislead and confuse a jury and that the results are not sufficiently accurate to be admissible in a criminal case. I would not allow the evidence on behalf of the Commonwealth to prove the guilt of the Defendant, and it will not be admissible on behalf of the Defendant to rebut any of the Commonwealth's evidence.

Accordingly, the Defendant's motion for public funds to hire a forensic voice identification expert is denied.